```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LUCKY MCGEE HARRIS, <br> AKA LARRY SCHUMACHER, <br><br>        Plaintiff, <br><br>     v. <br><br> STATE OF NEW JERSEY, et al., <br><br>        Defendants. | Civil No. 09-0610 (RMB) <br><br> **MEMORANDUM OPINION** |

It appearing that:

1. On August 25, 2008, Plaintiff filed a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 entitled <u>Harris v. Cape May County</u>, Civil No. 08-4264 (RMB). The complaint asserted violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983 by Cape May County, State of New Jersey, New Jersey Department of Corrections, Greg Taylor, T. Ford, Barbara Brakley, Robert Johnson, Owen Eisenberg, Volunteers of America, and Middletownship Police Department. By Order and accompanying Opinion filed September 3, 2008, this Court determined that the Complaint, as written, failed to state a cognizable claim under 42 U.S.C. § 1983 against any named defendant. The Court dismissed the Fourth Amendment false arrest claim with prejudice, dismissed the claim against Volunteers of America with prejudice, dismissed the claims against the defendant-prosecutors with prejudice, and dismissed the malicious prosecution claim under § 1983 without prejudice to the filing of an amended complaint.

The Order granted Plaintiff leave to file an amended complaint stating a federal malicious prosecution claim and provided that, in the event that Plaintiff filed an amended complaint, an order would be entered reopening the case to screen the amended complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

    2.  On November 10, 2008, the Clerk received and filed an amended complaint in Civil No. 08-4264 (RMB).  By Order filed December 18, 2008, this Court ruled as follows:

    A.  In paragraph one of the amended complaint, Plaintiff alleged that Owen Eisenberg, the attorney who represented him in the criminal proceeding wherein a jury convicted Plaintiff of receiving stolen property and altering a motor vehicle identification number for the unlawful purpose of re-plating another motor vehicle, see State v. Harris, 2007 WL 4060612 (N.J. Super., App. Div., Nov. 19, 2007), violated his rights by providing ineffective assistance of counsel.  The Order dismissed the § 1983 claim against Eisenberg with prejudice because Eisenberg was not acting under color of state law.  See Polk County v. Dodson, 454 U.S. 312 (1981) (a public defender, though paid and

---

[1] Federal law requires the Court to dismiss at any time a civil action brought by a plaintiff who is proceeding in forma pauperis if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §  1915(e)(2)(B).

2

ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant); Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982) (private attorney representing criminal defendant under court appointment is not acting under color of state law).

    B.  In paragraph two of the amended complaint, Plaintiff asserted that Greg Taylor and T. Ford (Middletown Township police officers) violated his constitutional rights by arresting him on July 6, 1992, without probable cause in violation of the Fourth Amendment.  The Order dismissed the Fourth Amendment false arrest claim with prejudice as barred by the two-year statute of limitations, which expired two years later in 1994.  See Wallace v. Kato, 549 U.S. 384 (2007); Hunterson v. DiSabato, 244 Fed. Appx. 455 (3d Cir. 2007); Bethel v. Jendoco Const. Corp., 570 F. 2d 1168, 1174 (3d Cir. 1978).

    C.  In paragraph three of the amended complaint, Plaintiff asserted that assistant prosecutors Barbara Brakley and Robert Johnson violated his constitutional rights in the course of the criminal proceeding.  Noting

that this Court's prior Opinion and Order had dismissed the § 1983 claims against the prosecutors with prejudice, the Order again dismissed with prejudice the claims against the prosecutors raised in the Amended Complaint on the ground that a prosecutor is absolutely immune from a civil suit for damages under § 1983 for initiating a prosecution and presenting the State's case. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

    D.  In the final paragraph of the amended complaint, Plaintiff asserted that Devon Brown, Commissioner of the Department of Corrections, violated his constitutional rights by subjecting him to cruel and unusual punishment in the form of substandard living conditions and emotional distress. The Order dismissed the claims against Devon Brown without prejudice on the ground that the amended complaint did not assert enough facts (taken as true) to give Devon Brown fair notice of what the claim is and the grounds on which it rests.

    E.  In the final paragraph of the Amended Complaint, Plaintiff also asserted that Edward J. Latessa, Director of Volunteers of America, violated his constitutional rights. Noting that the Court had already dismissed the federal claim regarding the revocation of Plaintiff's halfway house placement at the Volunteers of America with prejudice, the

Order again dismissed the claim on the ground that a convicted inmate has no constitutionally protected liberty interest in retaining classification to a halfway house. See <u>Asquith v. Dep't of Corrections</u>, 186 F. 3d 407, 411 (3d Cir. 1999).

F.  Based on the foregoing, the Order dismissed the amended complaint for failure to state a claim upon which relief may be granted, without prejudice to the filing of a second amended complaint (within 30 days of the date of the entry of the Order) asserting an Eighth Amendment conditions of confinement claim and/or a denial of medical care claim against a "person" under 42 U.S.C. § 1983.

3.  On February 9, 2009, Plaintiff filed the Complaint in the matter presently before this Court, <u>i.e.</u>, Civil No. 09-0610 (RMB).  The Complaint names the same defendants as Civil No. 08-4264 (RMB), <u>i.e.</u>, the State of New Jersey, Cape May County Prosecutor, Middletown Township Police Department, Owen Eisenberg, New Jersey Department of Corrections and Volunteers of America.  Plaintiff asserts:

> On July six in the year of ninety two was arrested, which was done in violation of plaintiff constitutional rights.  The plaintiff was unjustly put in prison.  The action of the above defendants cause the plaintiff the loss of his house and his business, and the hardship the plaintiff family suffer during his imprisonment.

(Compl., Docket entry #1, p. 2.)  Attached to the Complaint is a copy of the Appellate Division's decision reversing Plaintiff's conviction on the ground that the trial judge had improperly admitted NCIC records showing that the vehicles at issue had been reported stolen, without the proper foundation under the business or public records exceptions to the hearsay rule.  See State v. Harris, 2007 WL 4060612 *2-*3 (N.J. Super., App. Div., Nov. 19, 2007) (attached to Compl.)

    4.  By Order filed February 18, 2009, this Court granted Plaintiff's application to proceed in forma pauperis, determined that the Complaint failed to satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and ordered Plaintiff to file an amended complaint which complies with court rules and does not raise the claims this Court previously dismissed in Harris v. Cape May County, Civil No. 08-4264 (RMB).

    5.  On March 4, 2009, Plaintiff filed the following as an amendment to his Complaint:

> Facts, on April 15, 2005, Plaintiff was imprison[ed] by the Superior Court of New Jersey Law Division Cape May, Indictment No. 93-05-0170.  Which was done in violation of Plaintiff['s] constitution[al] rights [u]nder the Fourth Amend. Fifth Amend. Six Amend. Fourteenth Amend.  My amounts to false imprisonment.  The plaintiff is seek[ing] relief in the set amount set forth in my original complaint.

(Am. Compl., Docket entry #3, p. 2.)

6

6. The Complaint, as amended, names the same defendants and raises the same claims which this Court dismissed in <u>Harris v. Cape May County</u>, Civil No. 08-4264 (RMB). The Complaint, as amended fails to state a claim upon which relief may be granted and fails to comply with this Court's Order filed February 18, 2009. This Court will accordingly dismiss the Complaint and Amended Complaint.

7. An appropriate Order accompanies this Memorandum Opinion.

<u>s/Renée Marie Bumb</u><br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

**Dated: <u>May 20, 2009</u>**